ALB:CMM
F. #2017R00704

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 31 2019 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA

- against -

MARGARET SURACI,
   also known as "Margaret
   Sweeney,"

                 Defendant.

------------------------------X

INDICTMENT

Cr. No. __CR 19 507__
(T. 18, U.S.C., §§ 981(a)(1)(C), 1343
and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., 2461(c); T. 42,
U.S.C., § 408(a)(4))

HURLEY, J.

TOMLINSON, M.J.

THE GRAND JURY CHARGES:

INTRODUCTION TO ALL COUNTS

At all times relevant to this Indictment, unless otherwise indicated:

The Defendant and Her Scheme to Defraud the Social Security Administration

      1.    The defendant MARGARET SURACI, also known as "Margaret Sweeney," maintained a residence in Syosset, New York.

      2.    The Social Security Administration ("SSA") was an agency of the United States that administered certain government benefit programs, including Retirement, Survivors and Disability Insurance ("RSDI"), pursuant to Title II of the Social Security Act codified at Title 42, United States Code, Sections 401 et seq. Individuals employed in the United States regularly had a portion of their wages withheld and paid to the SSA. The withheld wages represented "credits" earned by these individuals toward RSDI benefits. The amount of RSDI benefit payments, which were typically made monthly, depended on

how much a person had earned during his/her period(s) of employment. RSDI benefit payments were made by the United States Department of the Treasury ("Treasury") on behalf of the SSA, either by a physical check or direct deposit into a bank account designated by the beneficiary. Payments from Treasury, which were made by direct deposit (referred to as "Automated Clearing House" or "ACH" payments), originated from Kansas City, Missouri. Eligible family members of beneficiaries also received RSDI benefits, which payments were made in the name of the intended beneficiary. The categories of family members eligible to receive such benefits were: (1) spouses over the age of 62; (2) children under the age of 18; (3) disabled children; and (4) widows and widowers. Widows and widowers could begin receiving SSA benefits at age 60, or at age 50 if they were disabled.

3. In or about September 2001, the defendant MARGARET SURACI, also known as "Margaret Sweeney," married Individual #1, an individual whose identity is known to the Grand Jury. In or about August 2003, Individual #1 filed for divorce from the defendant in Nassau County Supreme Court, Nassau County, New York (the "Divorce Action"). On or about January 27, 2006, the Nassau County Supreme Court issued a Judgment of Nullity of Void Marriage in the Divorce Action (the "Divorce Judgment") that "[o]rdered, adjudged and decreed that the marriage between [Individual #1] and [SURACI], entered into [in September 2001] is hereby declared null and void . . . ."

4. On or about July 28, 2010, Individual #1 died.

5. In or about and between December 2010 and March 2016, both dates being approximate and inclusive, SURACI devised and orchestrated a scheme to defraud the SSA and obtain money, in the form of RSDI widow's benefit payments, as the purported widow of Individual #1.

6. In furtherance of that scheme, on or about December 17, 2010, SURACI submitted an application for RSDI benefit payments as Individual #1's purported widow (the "Widow Benefits Application"). In the Widow Benefits Application, the defendant stated that Individual #1 was married to SURACI in September 2001 and that the marriage ended by death on July 28, 2010. SURACI withheld the fact that, as she well knew and believed, the marriage had actually ended by divorce on January 27, 2006. SURACI also did not notify the SSA of the Divorce Action and did not provide the SSA with a copy of the Divorce Judgment.

7. In or about February 2011, the SSA approved the Widows Benefits Application filed by SURACI and determined that SURACI was entitled to receive recurring monthly payments as of July 28, 2010, the date of Individual #1's death. In July 2011, the SSA paid SURACI approximately $8,072 in RSDI benefits retroactive to the date of Individual #1's death. In addition, between approximately April 2011 and March 2016, SURACI received between $1,000 and $2,000 per month in RSDI benefits, which monthly payments were sent by ACH payment from the Treasury in Kansas City, Missouri, to the Treasury's ACH processing center in East Rutherford, New Jersey, and to SURACI's bank in Detroit, Michigan. SURACI then withdrew those funds through the use of her bank debit card in Nassau County, New York.

8. In furtherance of the scheme to defraud, between April 2011 and March 2016, both dates being approximate and inclusive, SURACI received a total of approximately $72,195 in RSDI widow's benefits from the SSA, which she was not entitled to receive and which was obtained by making fraudulent statements to the SSA.

## COUNT ONE
(Wire Fraud)

9. The allegations set forth in paragraphs one through eight are realleged and incorporated as if set forth fully in this paragraph.

10. In or about and between December 2010 and March 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARGARET SURACI, also known as "Margaret Sweeney," did knowingly and intentionally devise a scheme and artifice to defraud the SSA, and to obtain money and property from the SSA by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate commerce writings, signs, and signals, to wit: one or more ACH payments sent from Kansas City, Missouri, through interstate wire transfers to the defendant in Nassau County, New York.

(Title 18, United States Code, Sections 1343 and 3551 et seq.)

## COUNT TWO
(Social Security Fraud)

11. The allegations set forth in paragraphs one through eight are realleged and incorporated as if set forth fully in this paragraph.

12. In or about and between December 2010 and March 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARGARET SURACI, also known as "Margaret Sweeney," having knowledge of the occurrence of an event affecting her initial and continued right to payments under Subchapter II of Chapter 7 of Title 42 of the United States Code, to wit: the Divorce Judgment, did knowingly and intentionally conceal and fail to disclose such event with the

5

intent to fraudulently secure payments in a greater amount than were due and when no payments were authorized.

(Title 42, United States Code, Section 408(a)(4); Title 18, United States Code, Sections 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

13. The United States hereby gives notice to the defendant that, upon her conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offense.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

6

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeitable allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

*[signature]*
FOREPERSON

*[signature]*
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2017R00704

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

MARGARET SURACI, also known as "Margaret Sweeney"

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 1343, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., 2461(c); T. 42, U.S.C., § 408(a)(4))

*A true bill.*

_____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____

*Clerk*

*Bail, $* _____

_____

*Catherine M. Mirabile, Assistant U.S. Attorney (631) 715-7850*